(65 App. Div. 70.)

### FARMERS' FEED CO. OF NEW JERSEY v. SCOTTISH UNION & NATIONAL INS. CO. OF EDINBURGH.

(Supreme Court, Appellate Division, First Department.   November 8, 1901.)

INSURANCE—PROPORTIONAL LIABILITY—CONCURRENT INSURANCE—"EIGHTY PER CENT. CLAUSE."

    Where defendant's policy limited liability to such proportion of the loss as that policy bore to the whole insurance; and concurrent policies did not specify the amount of risk, but provided that liability should not exceed a certain sum, nor extend to a greater proportion of the loss than the amount of the policies bore to 80 per cent. of the value of the property, defendant was liable, on occurrence of a loss more than covered by insurance, for such proportion as its policy bore to the amount for which the concurrent insurers were actually liable under the 80 per cent. clause, and not entitled to prorate its liability with the total amount nominally carried by other companies.

Action by the Farmers' Feed Company of New Jersey against the Scottish Union & National Insurance Company of Edinburgh. Controversy submitted upon an agreed statement of facts.   Judgment for plaintiff.

    This is a submission of a controversy upon an agreed statement of facts. It appears that in May, 1898, the plaintiff procured from the defendant a policy of insurance upon a building in the city of New York.   The policy was originally for the sum of $60,000, but by agreement on June 14, 1900, it was reduced to $42,500.   The defendant's policy was in the standard form, containing the provision that it should "not be liable under this policy for a greater proportion of any loss on the described property, or for loss by and expense of removal from premises injured by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property;   and the extent of the application of the insurance under this policy, or of the contribution to be made by this company in case of loss, may be provided for by agreement or condition written hereon or attached or appended hereto."   On the 1st of July, 1900, the property covered by the defendant's policy was damaged by fire.   The plaintiff at the time of the fire had other insurance upon the property; that other insurance being in four companies, whose policies contained the same clause as that above quoted from the defendant's policy, and in addition thereto another clause in the following words: "Percentage Coinsurance Clause. In consideration of the premium for which this policy is issued, it is expressly stipulated that in the event of loss this company shall be liable for no greater proportion thereof than the sum hereby insured bears to eighty per cent. of the cash value of the property described herein at the time when such loss shall happen, nor more than the proportion which this policy bears to the total insurance."   The defendant's policy did not contain the 80 per cent. clause.   In each of the four policies other than the defendant's no specific amount of risk taken by the underwriter is named, but in three of them the insurance is for an amount "not exceeding $5,000," and in one of them "for an amount not exceeding $2,500."   These four policies aggregate $17,500, which is just the amount by which the defendant's policy was diminished by agreement.   The insurance effected by the four policies other than the defendant's was for one year from the 5th of November, 1900.   After the fire the underwriters and the plaintiff caused an appraisement of the property to be made, and found that its sound value at the

time of the fire was $124,660, and that the plaintiff's loss was $45,321.18. A controversy having arisen as to the amount for which the defendant was liable under this policy, a stipulation was made between the parties by which the defendant was to pay, and it did pay, to the plaintiff, the sum of $32,102.50, leaving a balance of $6,074.76 in dispute.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Martin Paskusz, for plaintiff.
Michael H. Cardozo, for defendant.

PATTERSON, J.   The underlying question is, what is the whole insurance upon the property destroyed?   The plaintiff insists that it is the actual insurance effected by the four policies, plus that effected by the defendant's policy; that the actual insurance effected by the four policies, in view of the 80 per cent. clause, amounts to $7,952.84 only; and that, therefore, under the defendant's policy, it should pay $38,177.28.   The defendant's contention, on the contrary, is that the total insurance is $60,000, and that it is liable only for $42500/60000 of $45,321.18, or $32,102.50, the amount which it paid.   Under the terms of all the policies, the amount of insurance exceeding the amount of loss, the plaintiff is entitled to full indemnity.   The defendant's contention proceeds upon the theory that the plaintiff, by taking out the four additional policies, has become a coinsurer with it, and must bear a proportionate part of the loss, or, in other words, that, under the four policies contributing with the defendant, the plaintiff is a coinsurer for the difference between the amount for which the four companies are liable and the assumed aggregate insurance of $17,500 covered by those policies.   Hence it is argued that the amount of insurance, and not the amount of the liability, controls.   But it seems to us that the amount of insurance effected by the four policies is identical with the amount of the loss, and that the extent of that insurance could not be ascertained until after a loss, for the insurance was to an amount not exceeding a stipulated sum, and was therefore indefinite.   It might or might not be the maximum amount named in each of the four policies.   How much insurance was effected by each policy depended upon the sound value of the property covered at the time of the loss, diminished by 20 per cent.   The plaintiff obtained insurance additional to that granted by the defendant only to the amount for which the four underwriters other than the defendant would be liable upon their policies.   It is the actual amount of insurance obtained by the plaintiff, and in force at the time of the loss, from which the contribution is to be made.

Judgment should be directed for the plaintiff for $6,074.76, with interest from November 28, 1900, with costs.   All concur.